IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEY HOWELL,

                      Plaintiff,

  v.                                                         OPINION & ORDER

ANTHONY BROADBENT, JOSEPH CICHANOWICZ,          16-cv-477-jdp
SUSAN DAX, JEREMY MCDANIEL,
and JOSEPH BELZ,

                      Defendants.

---

Plaintiff Joey Howell, an inmate at the Wisconsin Secure Program Facility (WSPF), alleges that Susan Dax, a nurse at Gundersen Boscobel Area Hospital and Clinics, violated his Eighth Amendment rights by sexually assaulting him, and that after he reported the sexual assault, the remaining defendants, all state prison officials, violated his First Amendment rights by retaliating against him.

Three issues are before the court. First, the state defendants have filed a motion for summary judgment based on Howell's failure to exhaust his administrative remedies. Howell and the state defendants dispute the authenticity of an administrative appeal Howell says that he filed. To rule on this motion, I will have to conduct a hearing to determine the authenticity of that document.

Second, defendant Dax has filed a motion to dismiss for Howell's failure to prosecute the lawsuit, which I will construe as a motion to compel discovery. I will deny the motion, direct Dax to recast her discovery requests to narrow the scope of information she seeks, and direct Howell to respond to the modified requests or explain his objections to them.

Third, Howell has submitted a letter to the court alleging misconduct by a Gundersen Boscobel surgeon and prison officials administering his medication, as well as ongoing retaliation by prison officials that he says makes it difficult for him to litigate this and another lawsuit. I will instruct Howell that new allegations of retaliation and the mishandling of his medication cannot be brought in this case, and if he wishes to pursue his allegations against the surgeon, he must file a supplement amending his complaint.

A. **Exhaustion**

Howell brings the following claims:

- Nurse Susan Dax sexually assaulted Howell while he was being treated at Gundersen Boscobel, in violation of the Eighth Amendment.

- Prison officials Joseph Belz and Jeremy McDaniel threatened Howell to dissuade him from filing a grievance about the alleged sexual assault, in violation of the First Amendment.

- Prison officials Anthony Broadbent and Joseph Cichanowicz retaliated against him for filing a grievance by issuing a conduct report for lying about staff, in violation of the First Amendment.

The state defendants have filed a motion for summary judgment based on Howell's failure to exhaust his administrative remedies. Dkt. 25. They argue that Howell did not exhaust his administrative remedies because he did not appeal his conduct report. *Id.*, at 1.

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummet v. Sinclair Broad. Grp.,* 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn

in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The purpose of administrative exhaustion is not to protect the rights of officers, but to give prison officials a chance to resolve the complaint without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537–38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024.

Howell initially filed a grievance alleging that he was sexually assaulted and that officers Belz and McDaniel threatened him to prevent him from filing the grievance. Pursuant to procedures established in the Prison Rape Elimination Act (PREA), this grievance was forwarded to the PREA investigator, Anthony Broadbent, who determined that Howell's claims were unsubstantiated, and that Howell was lying about staff. Dkt. 27-1, at 1. Howell was given a conduct report for lying about staff, and after a hearing, Howell was found guilty of lying by Joseph Cichanowicz, the hearing officer. *Id.* at 1–3. Howell filed a grievance through the Inmate

3

Complaint Review System (ICRS) alleging that the conduct report and hearing were also retaliatory. Dkt. 26-2, at 1–2. The ICRS grievance was rejected on the ground that Howell's argument should have been raised in an appeal of his conduct report. *Id.*

The parties agree that because Howell's retaliation claims are related to a conduct report, he should have appealed the disciplinary decision to the warden under Wis. Admin. Code § DOC 303.82(1) to exhaust his administrative remedies. *See, e.g., Lindell v. Frank*, No. 05-C-003-C, 2005 WL 2339145, at *1 (W.D. Wis. Sept. 23, 2005) ("To exhaust his administrative remedies with respect to his retaliation claim, plaintiff must have made it clear to the disciplinary hearing officer and the warden that he believed the conduct reports had been written in an effort to chill his First Amendment rights."); *Walker v. Keller*, No. 13-cv-342, 2014 WL 3845701, at *4 (W.D. Wis. Aug. 5, 2014) (same). However, Howell and the state defendants dispute whether Howell actually filed an appeal of the conduct report.

Howell contends that he did appeal his conduct report, and he has submitted a copy of that appeal and a cover letter. Dkt. 30, at 2; Dkt. 31-2, at 1. In response, the state defendants contend that Howell fabricated the documents because they "include several irregularities that belie their authenticity." Dkt. 35, at 2-3. They note differences between the spacing and appearance of the letters in the date stamp on Howell's documents and authentic WSPF date stamps. Dkt. 35, at 3. As a result, they request a hearing under *Pavey v. Conley* 544 F.3d 739, 742 (7th Cir. 2008) to resolve the dispute.

A *Pavey* hearing is necessary when an evidentiary dispute, as here, precludes a finding of exhaustion. *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("A swearing contest requires an evidentiary hearing to resolve . . . [A] judge can resolve an issue of exhaustion . . . only after conducting an evidentiary hearing.") (citing *Pavey*, at 741–42)); *see also Hart v. Jenkins*, No. 11-

cv-0582, 2012 WL 1037953, at *5 (E.D. Wis. Mar. 27, 2012) ("The Court will deny the defendants' motion for summary judgment at this time, but it will conduct a *Pavey* hearing to resolve the factual disputes regarding exhaustion in this case . . . ."). I agree that the disputed authenticity of the appeal documents is dispositive for the exhaustion issue, and that a hearing under *Pavey* is required before I can make a determination about exhaustion. I will direct the clerk of court to schedule this hearing.

If possible, the parties should bring the original copies of the documents bearing a date stamp that they have already submitted to the court on this issue. The state defendants should also bring to the hearing evidence sufficient to show the actual stamps used by the DOC. If multiple versions of these stamps exist, the state defendants should bring evidence of every version.

If I conclude that Howell has falsified his appeal documents, this entire case will be dismissed with prejudice, even Howell's claim against defendant Dax. Falsifying evidence is serious misconduct, and the Court of Appeals for the Seventh Circuit has affirmed dismissal with prejudice as an appropriate sanction in similar cases. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015) (affirming a dismissal with prejudice as a sanction for falsifying evidence); *see also Rivera v. Drake*, 767 F.3d 685, 686–87 (7th Cir. 2014) (affirming a dismissal with prejudice as a sanction when an inmate perjured himself in an attempt to circumvent an exhaustion defense).

B. **Motion to dismiss for failure to prosecute**

Defendant Dax has filed a motion asking the court to dismiss Howell's claim against her for failure to prosecute the lawsuit, under Federal Rule of Civil Procedure 41(b). Dkt. 46. Defendant Dax contends that dismissal is appropriate because Howell has not substantively

responded to her discovery requests, nor signed authorizations for the release of his medical and prison records. Dkt. 46, ¶ 11. Defendant Dax's current discovery requests and authorization forms are far-reaching and not limited by date, but she argues that release of Howell's prison and medical records are "essential" to investigate Howell's claims against her. Dkt. 46, ¶ 12. In response, Howell contends that many of the records sought are not relevant to his case. Dkt. 47-2, at 1. Howell argues that an authorization for records outside of dates pertaining to the sexual assault and retaliation would be too broad. *Id.* Defendant Dax has not subsequently limited her discovery requests, and Howell has not replied to any of her further attempts to gather discovery.

Defendant Dax should have filed a motion to compel under Federal Rule of Civil Procedure 37 instead of this Rule 41(b) motion. If she had, this court would have had the benefit of briefing on the appropriate scope of discovery. In any case, dismissal of Howell's claim is not warranted. Defendant Dax wants a response to her discovery requests and an authorization for a release of records so that she can litigate this matter. And, Howell does not seem opposed to authorizing a limited release of his records. Dkt. 47-2, at 1. I will deny the motion to dismiss, but I will offer guidance on the discovery dispute.

Defendant Dax's current requests are overly broad and unduly burdensome on Howell because they are not limited to the incidents in this case. She has simply asked for too much, and will need to recast her discovery to call for documents and records limited to the issues in this matter. From the limited briefing on these issues, there appears to be three sets of contested discovery documents: Howell's medical records, Howell's psychological records, and Howell's prison records.

Discovery and authorization for Howell's medical records should be limited to the timeframe immediately before his overdose and his stays at Gundersen Boscobel for his overdose and hernia surgery. (Howell alleges that Dax influenced a surgeon to harm him during this surgery, so Dax should have access to the surgical record as well.) If Dax believes records other than ones related to these events are necessary to litigate this case, she should file a motion to compel.

The broad medical authorization forms at issue also release Howell's psychological and psychiatric records. Dkt. 47-3, at 13–20 . Howell has stated that he does not wish to release all of his psychological records to defendant Dax. Dkt. 47-2, at 1. While it is clear that non-psychological medical records related to Howell's alleged sexual assault and hernia surgery are relevant to his claims, it is much less clear how his psychological records are. Before I will require Howell to authorize release of these records, defendant Dax will need to brief the court on why she needs them. Howell will be given an opportunity to file a brief in response.

Finally, before I can determine which of Howell's "prison records" might be relevant to this case, I will need defendant Dax to identify what particular information she is requesting. It is difficult to conceive how the totality of Howell's prison records could be relevant to this case, so defendant Dax will need to identify which types of records she believes are necessary to litigate this case. She may brief this issue with the psychological-record issue. Howell will also be given an opportunity to file a brief responding to Dax.

If Howell fails to respond to future proper discovery requests or inform the court why he refuses to do so, he risks dismissal of this case.

**C. Additional allegations**

The court has received a letter from Howell alleging ongoing retaliation related to this and another pending suit in this court. Dkt. 34. Howell's additional claims can be summarized as the following: (1) that he is being harassed and intimidated by prison officials in retaliation for his filing of suits; (2) that WSPF officials are intentionally interfering with his ability to litigate his suits by destroying his property, spying on him, and mishandling his mail; (3) that WSPF officials are failing to carefully monitor his medication usage; and (4) that defendant Dax spoke to a surgeon at Gundersen Boscobel about Howell's suit, causing the surgeon to intentionally mishandle his hernia surgery. *Id.*

The state defendants ask the court to disregard the new allegations. Specifically, they argue that Howell should not be able to "use this lawsuit as a vehicle to challenge current events at WSPF, especially when the alleged adverse events have not impacted his ability to litigate this case and the allegations do not involve any of the defendants in this lawsuit." Dkt. 40, at 1–2. Defendant Dax, similarly, requests that the court disregard the allegations Howell makes in his letter about her influence over his hernia surgery. Dkt. 39, at 1–2.

Howell's first, second, and third sets of allegations concern individuals who are not currently parties in this case and are not related to his current complaint. Federal Rules of Civil Procedure 18 and 20 allow a plaintiff to join multiple claims against a single defendant and to join defendants when allegations against them arise out of the same transaction or series of transactions. Howell has not alleged that this additional misconduct has been perpetrated by the same individuals who are parties to this case, so the claims cannot be joined under Rule 18. And Howell's allegations regarding retaliation related to his litigation and prison officials mishandling his medication do not arise out of the same transaction or series of transactions

that resulted in his current complaint, so those defendants cannot be joined under Rule 20. Because these are "[u]nrelated claims against different defendants," they "belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

However, Howell's allegation concerning his surgeon at Gundersen Boscobel could be joined under Rule 20, as Howell contends the surgeon mishandled his surgery as a result of Dax's communications with the surgeon. Dkt. 34, at 3. Arguably, this misconduct arose from a series of transactions related to his initial complaint: his sexual assault by Dax. If Howell wishes to bring a claim against the surgeon in this case, he will have to file a supplement detailing his claim. The supplement would be subject to the court's screening under 28 U.S.C. §§ 1915 and 1915A, just as his original allegations were.

As for Howell's allegations that prison officials are interfering with his litigation of this lawsuit, even though he may not bring new claims about that alleged misconduct, I may consider within this lawsuit allegations that a party is being blocked from litigating it. His submissions thus far do not lead me to believe that he is truly being blocked from litigating the case; he has been able to respond to the issues raised by defendants. But because Howell says that he does not have all of the documents that were sent to him by defendants or the court, I will send Howell a copy of the current docket sheet and direct him to identify what documents, he has not yet received, so that the clerk of court may send him copies.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to schedule a hearing to determine whether evidence of plaintiff Joey Howell's exhaustion has been falsified.

9

2. Defendant Susan Dax's motion to dismiss for failure to prosecute, Dkt. 46, is DENIED.

3. Defendant Dax may have until April 5, 2018, to recast discovery requests and authorizations related to non-psychological medical records within the scope discussed in the opinion above.

4. Howell may have until April 19, 2018, to respond to defendant Dax's non-psychological-medical-record discovery requests and authorizations, or explain to this court why he refuses to do so.

5. Defendant Dax may have until April 5, 2018 to identify which of Howell's psychological and prison records she is requesting and file a brief with this court.

6. Howell may have until April 19, 2018 to file a response to or comply with defendant Dax's limited psychological- and prison-records requests.

7. Given these rulings, the current schedule is STRUCK and a new schedule and trial date will be set, if necessary, following the court's hearing on exhaustion.

Entered March 22, 2018.

                BY THE COURT:

                /s/

                _____

                JAMES D. PETERSON
                District Judge